IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **HAROLD SULLIVAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Case No.: 8:19-cv-00300-GLS** |
| ) | |
| **WASHINGTON METROPOLITAN AREA** ) | |
| **TRANSIT AUTHORITY,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before this Court is a motion for reconsideration filed by Plaintiff Harold Sullivan ("Plaintiff" or "Mr. Sullivan") (ECF No. 35). Pursuant to Fed.R.Civ.P. 59(e), Plaintiff seeks reconsideration of the Court's February 26, 2020 order, in which the Court granted summary judgment in favor of Defendant Washington Metropolitan Transit Authority ("WMATA"). WMATA filed an opposition to the reconsideration motion, and Plaintiff has filed his reply. (ECF Nos. 36, 37). The matter has been fully briefed. The Court finds that no hearing is necessary. *See* L.R. 105.6. For the reasons set forth below, the motion is DENIED.

**I.  BACKGROUND[1]**

On the morning of February 3, 2016, before 8:49 a.m., Plaintiff arrived at the Branch Avenue Metrorail station,[2] operated by WMATA, in order to catch the train to work.[3] (Deposition of Plaintiff Harold Sullivan, p.2, lines 4-11, "Sullivan Dep. 2:4–11"). By the time that Plaintiff

---

[1] The Court set forth the complete set of facts in its February 26, 2020 Memorandum Opinion (ECF No. 33). Here, the Court repeats only those facts necessary to resolve the pending motion.
[2] The Branch Avenue Metrorail station is an outdoor station, which is partially covered by an open, one-sided canopy/ overhang. (ECF. 30-1, p. 1; ECF No. 31-1, p. 1).
[3] Neither party identifies the time that the incident transpired. However, the logical inference is that the event occurred before 8:49 a.m., when Plaintiff reported the incident.

arrived there, it had been raining for a significant period of time.[4] Plaintiff was walking at a brisk pace as he approached the waiting train. (Sullivan Dep. 53:5-7; Def.'s Ex. 6, p. 5). When Plaintiff approached the door of the waiting train, he decided to go to the next train car and pivoted to the right in order to do so. (Sullivan Dep. 23:3-13). As Plaintiff pivoted to the right, his right foot began to slide from under him and he fell back doing "like an end zone split dance." (Sullivan Dep. 23:13-17). Plaintiff claims he fell on the granite edge[5] of the platform due to it being wet because of the rain. (Sullivan Dep. 25:15-20).

On December 6, 2018, Plaintiff filed his Complaint alleging that he suffered injuries following a fall on February 3, 2016. Plaintiff maintains that his fall occurred due to WMATA's negligence. Plaintiff alleged that WMATA failed to maintain the platform in a safe condition and failed to warn him of the hazardous conditions on the platform. (ECF No. 1).

On November 18, 2019, WMATA filed a Motion for Summary Judgment. (ECF No. 30). Defendant argued, *inter alia,* that it lacked actual or constructive notice of the condition of the platform, and that it had no duty to warn Plaintiff of an open and obvious condition. Plaintiff filed his opposition, arguing that a reasonable juror could credit his version of the facts and find that WMATA had actual or constructive notice of the platform's condition. Plaintiff heavily relied on Clarence Pickney's deposition to show that WMATA had constructive notice of the platform's condition. In addition, he asserted that a reasonable juror could find that the platform's slipperiness was not open and obvious to him. (ECF No. 31). After the motion was fully briefed, this Court issued a Memorandum Opinion and Order granting summary judgment in favor of WMATA. (ECF No. 33). The Court determined that: (a)Plaintiff failed to meet his burden of proving that WMATA had actual or constructive notice of the condition of the platform in order to either remedy it or

---

[4] According to the NOAA Report on February 3, 2016, it began to rain at 4:22 A.M. (*See* ECF No. 1, p. 3).
[5] The granite edge is the grey tile closest to the train. (Pickney Dep. 34:15-36-14).

2

warn Plaintiff of it; and (b) alternatively, that the condition of the platform was open and obvious to Plaintiff. (*Id.* at 6-10).

On March 25, 2020, Plaintiff filed a "Motion for Reconsideration" pursuant to Fed. R. Civ. P. 59(e).  (ECF No. 35). WMATA filed its opposition and Plaintiff filed its reply thereto. (ECF Nos. 36, 37).  In essence, Plaintiff contends that the Court erred by: (1) finding that he failed to meet his burden on establishing that WMATA had constructive notice of the dangerous condition; (2) "disregard[ing] WMATA's knowledge of the rain," and concluding that "time-on-the floor" evidence was required; and (3) finding him incredible when it held that the condition of the platform was open and obvious.

## II.     STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 59(e), a motion to alter or amend a judgment shall be filed no later than twenty-eight days after he entry of the judgment. According to the Fourth Circuit, a court may alter or amend a prior judgment only under three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or prevent manifest injustice". *United States ex rel. Carter v. Halliburton Co.,* 866 F.3d 199, 210 (4th Cir. 2017)(citation omitted). In addition, the Fourth Circuit has held that "manifest errors of fact. . .upon which [a] judgment is based" may also be remedied under Fed.R.Civ. P. 59(e). *Md. Elec. Indust. Health Fund v. Kodiak Util. Const., Inc.,* JFM 02-3662, 2004 WL 112722, at *1 (D.Md. Jan. 20, 2004)(citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).  Furthermore, Rule 59(e) is not to be "used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgement." *Collins v. Thornton*, 782 F. App'x 264, 268 (4th Cir. 2019)(citing *Pac. Ins. Co.,* 148 F.3d at 403). Finally, granting a motion for reconsideration is an extraordinary remedy, which should be used sparingly. *Id*.

3

**III.     ANALYSIS**

Plaintiff's motion raises the following arguments: (1) the Court erroneously relied upon the standard articulated in *Rawls v. Hochschild*, 207 Md. 113, 117, 113 A.2d 405 (1955), because the facts in the instant case are distinguishable. Instead, the Court should have relied upon *Rybas v. Riverview Corp.*, 21 F.Supp.3d 548 (D. Md. 2014), which he alleges is more analogous; and (2) the Court improperly discredited Plaintiff's version of events when it held that the condition of the platform was open and obvious. (ECF No. 35-1, pp. 1-4). Defendant argues that Plaintiff's motion does not offer new facts or law but merely re-hashes unsuccessful arguments raised in his Opposition to Summary Judgment. (ECF No. 36, p. 3). The Court will address each argument seriatim.

    A.  Constructive Notice

Plaintiff argues that this Court erred by relying upon *Rawls*, and obliquely suggests his case is factually distinguishable. (ECF No. 35-1, p.2). According to Mr. Sullivan, in *Rawls*, the plaintiff alleged that an employee dropped the water upon which she slipped and fell, which Mr. Sullivan implies that the court found significant. (*Id.* at 2). A review of Plaintiff's reconsideration motion reveals that Mr. Sullivan makes no such argument that WMATA placed the water on the floor. More important, Plaintiff does not articulate how his case is factually distinguishable from *Rawls*. *See* ECF Nos. 35, 37.

Instead, Plaintiff contends that this Court ignored the fact that it had been raining for hours before he fell, so the platform must have been slippery. To establish WMATA's knowledge of the slipperiness of the granite edge where the Plaintiff fell, Mr. Sullivan cites to the testimony of a WMATA employee, Clarence Pickney, who said that the platform underneath the covered area could get wet and slippery when it rained. (ECF No. 35-1, p.3). Relying upon Mr. Pickney's testimony, then, the Plaintiff argues that WMATA had "knowledge of the existence of the rain for

4

a sufficient period of time," from which a reasonable inference can be drawn that "WMATA was on constructive notice of the dangerous condition." (*Id.* at 3).

Plaintiff analogizes his case to *Rybas*, implying that the length of time the water was on the platform ("time-on-the-floor" evidence) is immaterial because WMATA knew of the rain and how it made the platform dangerous. In opposition, WMATA argues the "time-on-the-floor" exception articulated in *Rybas* does not apply, because there is no evidence that WMATA was aware of the hazardous condition related to the water and granite edge of the platform where Plaintiff fell. (ECF No. 36, pp.3-4). The Court finds that Plaintiff's reliance on *Rybas* is misplaced. Although this Court did not discuss *Rybas* in its Memorandum Opinion, the Court did not commit a clear error of law by not relying upon *Rybas* to make its ruling.

In *Rybas*, the plaintiff filed a negligence claim against the defendants because she fell while on the dance floor at a wedding due to its wet and slippery condition. The plaintiff asserted that the defendants were aware of the hazard—the owner's manual warned them that the floor became slippery when wet. 21 F.Supp.3d at 568, 71. The *Rybas* court held that there was a genuine issue of material fact as to whether the defendants had constructive knowledge of the dangerous condition because defendants were aware of: (1) the specific hazardous conditions of the dance floor, especially those that arose when it became wet; (2) two days prior the wedding, they knew of the inclement weather and thought about relocating the event to higher ground. *Rybas, supra*, at 571. In addition, the court found "ample evidence [establishing] actual knowledge on the part of both defendants regarding the rainy conditions, wet grass. . . ." *Id.* Under those circumstances, the *Rybas* court held that "time-on-the-floor evidence" was not as significant. *Id.* at 571-72.

Construing the evidence in the light most favorable to the plaintiff, the Court finds that it had rained before the incident, and it was slippery. *See* ECF No. 35-1, p.3 (citation omitted). However, there is no evidence from which it is reasonable to infer that WMATA had actual or

5

constructive knowledge of the hazardous condition **posed by the water on the platform's granite edge**. First, Mr. Pickney did not testify that he was working at the time of the incident; he did not arrive at work until hours after it occurred. (ECF No. 31-9, Deposition of Clarence Pinkney, "Pickney Dep.," p. 26, lines 5-15). Second, even though Mr. Pickney testified that the platform could get wet and slippery when it rained, he stated that he was unaware that the granite edge- where Plaintiff says he fell-could get slippery and wet because he never noticed it. (ECF No. 31-9, Pickney Dep. 34:15 – 36:14). Third, there was no other evidence that WMATA had advanced knowledge of the issue. In the absence of evidence that WMATA knew of the specific conditions (water on granite edge), "time-on-the-floor evidence" remains significant. *Rawls*, *supra*, 217 Md. 113, 117(condition has to have existed for "a length of time sufficient to permit a person under a duty to discover [the hazard]" to have done so, if he exercised ordinary care);  *see also Maans v. Giant of Md., LLC,* 161 Md. App. 620, 639-41, 871 A.2d 627 (2005)("time-on-the-floor evidence" is instructive to establish constructive notice and the care to be exercised by the proprietor).

      Plaintiff offered no other evidence to establish WMATA's knowledge. Therefore, the Court finds that there is insufficient evidence from which to draw a **reasonable** inference that WMATA had any knowledge of the hazardous condition of the platform's granite edge prior to Plaintiff's fall.  In sum, this Court did not clearly err by relying upon *Rawls*, nor did it commit a clear error of law by not relying on *Rybas*.

      B. <u>Open and Obvious</u>

      Finally, Plaintiff argues that the Court erred by finding his version of the facts incredible when it held that the condition of the platform was open and obvious. Upon review, this Court concedes that it erroneously used verbiage that suggests that it did not construe the facts in the light most favorable to the Plaintiff. (*See* ECF No. 33, p. 10)(stating that "it is reasonable to *conclude* that Plaintiff is aware that the platforms at the station can become wet due to rain because

6

it is an outdoor station."). However, this concession does not cause the Court to amend its earlier judgment because Plaintiff failed to establish that WMATA had actual or constructive notice of the allegedly-dangerous condition.[6]

## IV. CONCLUSION

In sum, no intervening change in the law occurred, and there is no new evidence previously unavailable to the Plaintiff. In addition, the Court did not clearly err, nor has a manifest injustice occurred. This is not a scenario in which the extraordinary relief provided in Rule 59(e) would be appropriate.

Accordingly, it is this 10th day of September 2020 hereby ORDERED that Plaintiff's motion for reconsideration, ECF No. 35, is **DENIED**.

/s/
The Honorable Gina L. Simms
United States Magistrate Judge

---

[6] In addition, Defendant argues that Plaintiff failed to distinguish "the body of Maryland law that establishes a plaintiff's duty to observe and to see what there is to be seen." (ECF No. 36, p. 4). Defendant argues that it is illogical for Plaintiff to expect the Court to adopt "the reasonable inference that the slippery condition was particularly foreseeable to WMATA and not to [Plaintiff]." (*Id*.). This might offer an alternative basis for this Court's ruling. In light of my ruling, I decline to address this argument.